Elizabeth Duel
*Attorney at Law*

Ryan Garry
*Criminal Law Specialist*
*Certified by the Minnesota State Bar Association*

Shelly Larson
*Legal Assistant*

May 24, 2021

**VIA E-FILING ONLY**

The Honorable Becky R. Thorson
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, MN 55101

        RE:    <u>United States of America v. Mark Anthony Scerbo</u>
                 Court File No.: 21-mj-386 (JTH)

Dear Your Honor:

The purpose of this letter is to respectfully request that Your Honor release Mr. Scerbo on an unsecured bond as outlined in 18 U.S.C. § 3142(b), or in the alternative, on appropriate conditions described in 18 U.S.C. § 3142(c)(1)(B). The hierarchy of release options warrant Mr. Scerbo's release on an unsecured bond, and at the most, with a host of conditions.[1] These court conditions may include home detention, an electronic home monitoring bracelet, random drug testing, etc. Defense counsel confirmed yesterday with Minnesota Monitoring (a private company that works with State and Federal Courts to assist in monitoring conditions) that electronic home monitoring and/or daily testing is available even if Mr. Scerbo is released and allowed to return to his family in New York. Mr. Scerbo is willing to comply and fund these conditions at his own expense.

The law is clear that the least restrictive conditions, or combination of conditions, shall be ordered to reasonably assure the appearance of a person pending trial.[2] With the current complaint and the maximum guideline sentence of 12–18 months (assuming criminal history category VI), holding Mr. Scerbo in custody pending a plea of guilty or trial creates an inflexible and unnecessary

---

[1] Release upon personal recognizance or unsecured bond is the starting point of the Bail Reform Act. In the event that the Court determines that the person presents a flight risk or a danger to the community, conditions of release are set. This complaint does not involve a crime of violence or a drug offense for which the term of imprisonment is ten years or more.

[2] The Court "*shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.*" 18 U.S.C. § 3142(b). "*If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person*" on the "*least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.*" Id. at (c)(1)(B). Detention is only warranted if, after a detention hearing, "*the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.*" Id. at (e)(1).

333 South 7th Street, Suite 2350 • Minneapolis, MN 55402
**Office:** 612-436-3051 • **Fax:** 612-436-3052 • **Web:** ryangarry.com
ryan@ryangarry.com • elizabeth@ryangarry.com • shelly@ryangarry.com

*May 24, 2021*
*Page 2*

component that will frustrate the ability for both parties to come to some agreement in this case. It is simply not necessary to hold Mr. Scerbo in custody. The more productive way to resolve this issue is to allow Mr. Scerbo's release with conditions to assure his return to Court. A single violation of the conditions, such as a single positive drug test, will allow this Court to issue a federal warrant to address the violation. Holding Mr. Scerbo in custody is simply not necessary.

First, Mr. Scerbo lives in a stable home in Mechanicville, New York, where he has lived for 10 years. He lives in the lower unit of the residence, and manages the upper unit as an Air BnB. He also owns a residence in Apalachin, New York that he rents and manages.

Second, Mr. Scerbo informed the undersigned that he is a successful entrepreneur and is involved in a number of businesses as listed on the May 20, 2021 Pretrial Services Report (p. 2). He works with a music streaming service, various music festivals, a jewelry company, and an aspiring nationwide music production company. In addition, he teaches Yoga privately and is currently developing a new music production company.

Third, Mr. Scerbo is supported by his family. His mother, Lisa Scerbo, lives 5 minutes from him in New York. As shown in the attached statement, Lisa Scerbo is close with her son and they see each other frequently. Mr. Scerbo also helped his maternal grandfather towards the end of his life. Lisa Scerbo states that the allegations are not representative of Mr. Scerbo's character, and she will support him through this case. Mr. Scerbo's daughter, I.M. (9), lives in New York, and he sees her every week. His other daughter, J.S. (11) will live with Mr. Scerbo full time when he is released. In short, taking away Mr. Scerbo from his family and forcing him to remain in custody pending a plea agreement or trial is not necessary. Finally, as depicted in the attached statement of Jenell Horn, Mr. Scerbo is a generous and kind man to those less fortunate, and he donates his time and energy to help others, asking nothing in return.

Fourth, as the Pretrial Services Report demonstrates, while Mr. Scerbo does have a criminal history, he also has history of accepting responsibility and pleading guilty.[3] It appears he has never gone to trial. Notably, in his 2003 federal Pennsylvania case, Mr. Scerbo was allowed to self-surrender to serve his final term of imprisonment, which he did. All of his guilty pleas and his voluntary surrender demonstrate that he accepts responsibility for his actions and will adhere to the Court's order.

Fifth, Mr. Scerbo is cooperative with the government. In fact, last Thursday before Magistrate Judge Huseby, Mr. Scerbo voluntarily requested that the Court order him to submit to a urine and/or blood drug test. This request was not made by pretrial services or the prosecutor, but by Mr. Scerbo himself. The Court declined and stated the matter would be reserved for today. Mr.

---

[3] It is important to note that 11 Mr. Scerbo's 18 adult criminal cases occurred in or before 2004, nearly 18 years ago. The six cases from 2010 to 2018 include four misdemeanor offenses and one federal Possessing Contraband in Prison in 2012. In his federal 2003 case, after pleading guilty to various supervised release violations, Mr. Scerbo self-surrendered to the USMS located in Albany on February 23, 2012.

*May 24, 2021*
*Page 3*

Scerbo wanted to demonstrate to this Court that there would be no narcotics in his body. He is willing to undergo any drug test that this Court orders. He was also cooperative with Pretrial Services when completing the report provided to Your Honor. He has been cooperative with defense counsel and law enforcement at Sherburne County Jail pending this hearing.

Sixth, it is important to note that in the identical State prosecution, Mr. Scerbo voluntarily signed a waiver of extradition.[4] Hennepin County Judge Thomas ordered a $5,000 conditional bail with the conditions that Mr. Scerbo remain law-abiding, attend all court appearances and probation appointments, not use any alcohol or non-prescribed controlled substances, be supervised by probation, and complete a substance use assessment within 21 days of release from custody and follow the recommendations. Or, in the alternative, pay a $30,000 unconditional bail ($3,000 through a bondsman). The State Court was satisfied that a $5,000 conditional bail was enough to secure his release. Releasing Mr. Scerbo on similar federal conditions satisfies the concerns in 18 U.S.C. § 3142.

Finally, the estimated Federal Sentencing Guidelines on the current complaint are extremely low when compared to most federal drug cases. Mr. Scerbo's sole charge of possession 24 grams of cocaine, in violation of 21 U.S.C. § 844(a), has a minimum sentence of 90 days in jail and a maximum sentence of 3 years (assuming two prior drug convictions) and a base offense level of 6 (USSG § 2D2.1). The parties anticipate a criminal history of II or III, which would result in a guideline range of 1–7 or 2–8 months, respectively, assuming no adjustments. Even if Mr. Scerbo has a criminal history category VI, assuming no adjustments, he will be facing a guidelines incarceration term of 12–18 months.

With a criminal history category II or III and offense level 6, Mr. Scerbo will be in Zone B of the Sentencing Table. Guideline ranges falling in Zone B are eligible for probation so long as there is "intermittent confinement, community confinement, or home detention." USSG § 5B1.1(a)(2). With a maximum penalty of 3 years in prison, the offense is a Class E felony, which also permits a probationary term. 18 U.S.C. § 3559(a)(5); 18 U.S.C. § 3561(a).

While the allegations in the complaint certainly depict strange behavior, the undersigned's conversations with Mr. Scerbo in the last couple of days do not reflect this alleged behavior. He appears to be kind, thoughtful, intelligent, and understanding. Defense counsel is respectfully requesting that Mr. Scerbo be released on an unsecured bond or a set of conditions that will secure his appearance in court. He will abide by any home monitoring (work release) conditions that this Court orders at his own expense.[5] He will submit to daily drug/alcohol tests if required. He will abide by any and all conditions set by this Court. He is a father who loves his children, a successful business person, and his history of voluntary surrender and guilty pleas demonstrate that he will respect the Court's Order to reappear. Allowing Mr. Scerbo's release on some set of

---

[4] Court file number 27-CR-21-9401
[5] Defense counsel will work with Minnesota Monitoring to secure an ankle bracelet/random testing, etc. at this Court's order.

*May 24, 2021*
*Page 4*

conditions will also allow him to get his affairs in order with his children and businesses, should the parties be able to reach an agreement in this case.

The undersigned proffers to this Court that holding Mr. Scerbo in custody will greatly frustrate this case moving forward in a productive fashion. Defense counsel has conferred with the United States Attorney's Office about potential resolution, but certain evidence needs to be disclosed before a meaningful resolution can be considered by Mr. Scerbo. Holding him in custody pending this disclosure is just not necessary. Other conditions are available to secure assurance that he will return to Court.

Thank you for your consideration.

                                              Respectfully,

                                              **RYAN GARRY, ATTORNEY, LLC**

                                              s/ *Ryan Garry*

                                              Ryan Garry

Enclosures
cc:  Miranda Dugi, AUSA (via e-service)
      Melissa Perez, U.S. Probation Officer (via e-mail)
      Mark Scerbo