UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-MJ-386 (JTH)

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                          )<br>                     Plaintiff,          )<br>                                                          )<br>          v.                                           )<br>                                                          )<br>MARK ANTHONY SCERBO,         )<br>                                                          )<br>                     Defendant.       ) | **ORDER OF DETENTION** |

This matter came before the Court on May 24, 2021, for a preliminary hearing and a detention hearing on a criminal complaint. The defendant appeared in custody and was represented by attorneys Ryan Garry and Elizabeth Duel. The United States of America was represented by Assistant United States Attorney Miranda E. Dugi. After consulting with his attorneys, the defendant understood that he had a right to appear in person and consented to proceeding via videoconference due to COVID-19.

The Court had before it a copy of the criminal complaint and a report prepared by the United States Probation and Pretrial Services Office. This report recommended that the defendant be detained pending trial based on the risk he posed of nonappearance and to the safety of the community. Additionally, the Court reviewed the defendant's submissions, which included three letters—one from Scerbo's counsel, one from a family member, and one from a friend. The Court also heard argument from government and defense counsel regarding the issue of detention.

The defendant waived his right to a preliminary hearing pursuant to Fed. R. Crim. P. 5.1(a)(1). Based on the defendant's waiver, the Court finds that there is probable cause to believe that the defendant committed the offenses alleged in the complaint.

The Court also heard the Government's motion for detention. Based on the record before the Court and its analysis pursuant to the factors set forth in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that the defendant poses a risk of nonappearance, and by clear and convincing evidence to believe that the defendant poses a danger to the community. The Court also finds that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required at future court proceedings or the safety of the community. The Court therefore grants the government's motion for detention.

## FINDINGS OF FACT

1. The complaint and affidavit submitted by Federal Bureau of Investigation (FBI) Special Agent Mitch Mabry in support of the complaint details accounts from multiple witnesses, including flight attendants and passengers. These witnesses reported that Scerbo possessed and snorted a white powdered substance, spoke and acted erratically and aggressively, and brandished a butter knife. Due to safety concerns prompted by Scerbo's behavior, the pilot diverted the cross-country flight to Minneapolis-St. Paul International Airport. The white powder seized from Scerbo by a flight attendant later field tested positive for cocaine. After being advised of his *Miranda* rights, Scerbo acknowledged possessing the powder, but denied having snorted it. He also denied that the powder was cocaine, claiming instead that it was creatine. Special Agent Mabry's affidavit notes that in his training and

experience, creatine is a muscle-building supplement that is usually consumed orally, and that suspects sometimes claim that cocaine is creatine because the substances appear to be visually similar. After considering the allegations in the complaint and the Pretrial Services report, the Court finds that the nature and circumstances of the offense and strength of the evidence weigh in favor of detention.

2. Additionally, both the complaint and Pretrial Services report that the defendant has a criminal history that includes two prior federal convictions involving controlled substances, including one in which Scerbo attempted to smuggle drugs into a federal prison facility.

3. The bond report described a lengthy criminal history that included multiple offenses involving drug and alcohol abuse, as well as the use of aliases. It also revealed Scerbo's chronic non-compliance with conditions of supervised release and probation, including multiple failures to appear and unauthorized travel outside the district. The report also detailed Scerbo's violations arising from new criminal activity, including related to controlled substances.

4. None of the information presented to the Court reflected that Scerbo has ties to the District of Minnesota beyond the instant offense conduct.

5. The Court is aware that Scerbo was previously released from Hennepin County on conditional bond. While the Court understands and respects the decision of that court, it has an independent responsibility to make an independent determination based on the information presented to it under the Bail Reform Act.

6.	The complaint charges an offense that carries a mandatory minimum term of imprisonment of 90 days and a maximum term of three years based on Scerbo's criminal history.

7.	The Court heard argument from both counsel regarding potential release conditions, including travel restrictions, location monitoring, and substance abuse conditions. The Court finds that none of these are sufficient to secure the defendant's appearance at future proceedings or protect the community from him.

8.	For all these reasons, Scerbo poses a serious risk of nonappearance and to the safety of the community.

## CONCLUSIONS OF LAW

Based on the foregoing findings, the Court concludes:

1.	There is probable cause to believe that the defendant has committed the offenses alleged in the complaint, namely one count of possession of a controlled substance, in violation of 21 U.S.C. § 844(a).

2.	The government has shown that no condition or combination of conditions will reasonably assure the defendant's future appearance in Court or safety of the community.

Therefore, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.	The defendant is bound over to the U.S. District of Minnesota for indictment;

2.	The motion of the United States for detention of the defendant without bond is **GRANTED**;

3. The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4. The defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

5. Upon order of the Court or on request of an attorney for the government, the person in charge of the correctional facility in which the defendant is confined shall deliver him to a United States Marshal for the purpose of appearance in connection with a Court proceeding.

Dated: May 25, 2021           *s/ Becky R. Thorson*
                              BECKY R. THORSON
                              U.S. Magistrate Judge